**Miguel GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–87–477–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 26, 1988.

James Lawrence, Corpus Christi, for appellant.

Grant Jones, Deanie M. King, Dist. Atty.'s Office, Corpus Christi, for appellee.

Before KENNEDY, UTTER and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Miguel Garcia was tried and found guilty by a jury of sexual assault. The court then assessed punishment at ten years' confinement, probated for ten years. Appellant brings one point of error complaining that the evidence is insufficient to support the conviction. We affirm the judgment of the trial court.

The elements of sexual assault as set out in the Penal Code and relevant to the present case are:

§ 22.011. Sexual Assault

(a) A person commits an offense if the person:

(1) intentionally or knowingly:

(A) causes the penetration of the anus or female sexual organ of another person who is not the spouse of the actor by any means, without that person's consent;

\*　\*　\*　\*　\*　\*

(b) A sexual assault under Subsection (a)(1) of this section is without the consent of the other person if:

(1) the actor compels the other person to submit or participate by the use of physical force or violence; [or]

(2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person, and the other person believes that the actor has the present ability to execute the threat; ....

Tex.Penal Code Ann. § 22.011 (Vernon Supp.1988). The indictment in the present case alleges compulsion of the victim by means of the "use of physical force or violence" under subsection (b)(1) alone, and not by means of "threatening to use force or violence" under subsection (b)(2). We must therefore determine whether there was sufficient evidence to show that the complainant was compelled to submit to having sex with appellant by the actual use of, as opposed to the mere threat of, physical force or violence.

■ In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State,* 663 S.W.2d 455 (Tex.Crim.App.1984).

The jury is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony given by State or defense witnesses. *Johnson v. State,* 571 S.W.2d 170, 173 (Tex.Crim.App. 1978). The complainant was the only witness to the sexual assault aside from the appellant, who admits that he had sex with complainant but claims that she consented.

 The complainant testified that the day before the assault she had become distressed at finding her boyfriend, Alonzo Estrada, with another woman at his place of business. Complainant went back to Estrada's place of business later that evening in hopes of meeting him there to discuss their relationship. Estrada, however, never showed up. Around 8:00 p.m., complainant saw and started talking to the appellant, who had just gotten off work as a mechanic in a garage adjoining Estrada's business. Complainant had known the appellant for some time and considered him to be a friend. Appellant offered her some beer and they talked and drank beer until around 11:00 p.m. Appellant then invited her to go dancing at a local club. Complainant agreed and the two took her car to the club, where they danced and continued to drink beer until 2:00 a.m., when the club closed and they returned to appellant's garage. Complainant had intended to drop the appellant off at the garage and drive home, but the appellant persuaded her to stay and drink more beer. They drove complainant's car into the garage and closed the garage doors in order to avoid being seen drinking in complainant's car by the police.

After drinking more beer and talking for some time, appellant told complainant that he wanted to make love to her. She said no. Appellant continued to insist on making love to her and began to caress her, but complainant moved away from him and again indicated that she did not want to have sex with him. Appellant then asked complainant to take off her clothes and began to choke her. She tried to push him off, but finally agreed to take her clothes off in order to prevent him from choking her further. When appellant stopped choking her, however, complainant refused to take off her clothes. Appellant again started choking her, until she agreed once more to take off her clothes. Complainant did not then resist the appellant as he took her clothes off and had sexual intercourse with her in the front seat of her car.

We hold that there is sufficient evidence that appellant sexually assaulted the complainant by the use of physical force or violence. Even though the act of intercourse itself was accomplished without complainant's resistance, physical force had been used, in the form of choking, prior to the act in order to secure her passive compliance. Such force was used to effectively compel the victim to submit to appellant's advances and satisfies the requirements of § 22.011(b)(1). *See Knox v. State,* 487 S.W.2d 322, 325 (Tex.Crim. App.1972); *Bannach v. State,* 704 S.W.2d 331, 333–34 (Tex.App.—Corpus Christi 1986, no pet.). Appellant's point of error is overruled.

The judgment of the trial court is affirmed.