**Hipolito ZAMORA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–89–326–CR.**

Court of Appeals of Texas, Corpus Christi.

Oct. 19, 1989.

Yardley B. Kennedy, Houston, for appellant.

Mary Klapperich, Criminal Dist. Atty., Huntsville, for appellee.

Before NYE, C.J., UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Hipolito Zamora, guilty of possessing more than five pounds of marihuana. *See* Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 4.051(b)(4) (Vernon Supp. 1989). The jury assessed appellant's punishment at eight years' confinement in the Texas Department of Corrections. By two points of error, appellant complains that the trial court erred in overruling his motion to suppress the written "consent to search",[1] and he challenges the sufficiency of the evidence to support his conviction.

■ By point two, appellant argues that the trial court erred in overruling his motion to suppress "the consent to search." Appellant argues that the totality of the circumstances show that his consent to search his vehicle was not freely and voluntarily given. Specifically, appellant contends that the arresting officer failed to explain to him that he was free to either consent to the search or refuse the search. Appellant also maintains that due to his minimal education, he could neither read nor understand the consent to search form.

Under U.S. Const. amend. IV and XIV, a search conducted without a warrant issued upon probable cause is *per se* unreasonable, subject only to a few specific exceptions. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1976). One of these specifically established exceptions to the requirements of both a warrant and probable cause is a search conducted pursuant to consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Our Court of Criminal Appeals has held that the protections afforded by U.S. Const. amend. IV and Tex. Const. art. 1, § 9 can be waived by a person consenting to a search. *Reyes v. State*, 741 S.W.2d 414, 430 (Tex. Crim.App.1987).

■ The State has the burden to show by clear and convincing evidence that the consent to search was freely and voluntarily given. *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S.Ct. 1788, 1791, 20 L.Ed.2d 797 (1968). This burden requires the State to show the consent given was positive and unequivocal and there must not be duress or coercion, actual or implied. *Reyes*, 741 S.W.2d at 430. The burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority. *Bumper*, 391 U.S. at 548, 88 S.Ct. at 1791. The fact that an individual is under arrest, legally or illegally, does not, in and of itself, prevent a free and voluntary consent from being given. Custody is only one of the factors to be considered. *Reyes*, 741 S.W.2d at 430.

■ The question of whether a consent to search was "voluntary" is a fact question to be determined from the totality of all the circumstances. *Juarez v. State*, 758 S.W.2d 772, 776 (Tex.Crim.App.1988). While a warning that a person does not have to consent to a search and has the right to refuse is neither required nor essential, the showing of a warning is of evidentiary value in determining whether a valid consent was given. *Meeks v. State*, 692 S.W.2d 504, 510 (Tex.Crim.App.1985).

Trooper Rogers stopped appellant for speeding. After conversing with appellant, Rogers asked him if he could search the trunk. Appellant gave him permission. Rogers gave appellant a written consent to search form. He informed appellant that the consent form is a written record of appellant permitting a search of his vehicle. Rogers told appellant to read the form and sign it if he wanted to give permission. Appellant looked at the form for fifteen or twenty seconds and signed it. Rogers testified this was long enough for someone to be able to read the form.

Rogers said nothing to appellant indicating that if appellant did not allow him to search the trunk, he would not be free to leave, he would be arrested, or he would be charged with an offense. Furthermore, Rogers experienced no problems communicating with appellant. He said that appellant spoke fluent English. Appellant never

---

1. Appellant's real contention is that the seized marihuana should have been suppressed because appellant's consent to search was involuntary.

told Rogers that he could not read the consent form. In fact, appellant never asked Rogers to explain anything to him. Also, appellant never told Rogers that he did not understand what Rogers was saying.

Appellant testified that he was twenty-eight years old. He said that he finished the eighth grade and completed part of the ninth grade. While in school, he attended classes for slow learners. He did not, however, attend special education classes. According to appellant, Rogers did not advise him that he had the right not to sign the consent to search form. On the other hand, appellant admitted that Rogers told him what the consent to search form entailed. He understood that Rogers desired to search the vehicle's trunk. Appellant testified that Rogers told him that the consent to search form gave him permission to look inside the trunk. Appellant said that he did not read the consent form but did sign it. He said that he was not illiterate in English. However, he testified that his ability to understand English depended on the words spoken.

Even though conflicts exist in the testimony, the trier of fact is the sole judge of the credibility of the witnesses and may accept or reject any part or all of the testimony given by the State or defense witnesses. *Johnson v. State*, 571 S.W.2d 170, 173 (Tex.Crim.App.1978); *Garcia v. State*, 750 S.W.2d 922, 923 (Tex.App.—Corpus Christi 1988, no pet.). Based upon the totality of the circumstances, we hold that the trial court did not abuse its discretion in finding that the State, by clear and convincing evidence, established that appellant's consent to search was freely and voluntarily given. *See Bumper*, 391 U.S. at 548, 88 S.Ct. at 1791. The facts show that appellant's consent was positive and unequivocal and not obtained through duress or coercion. The fact that appellant only completed the eighth grade and the fact that he attended slow learners' classes does not, standing alone, negate his ability to consent to a search. Appellant testified that he understood that Rogers wanted to search the vehicle's trunk. During the motion to suppress hearing, appellant spoke English and testified that he understood his attorney. He stated that Rogers explained that the consent form allowed him to look at the trunk. When he examined the consent form in the judge's presence, he recognized his signature on the form. Education and intelligence is only one factor in determining whether consent to search was voluntary. *United States v. Gonzales*, 842 F.2d 748, 754 (5th Cir.1988). Appellant's lack of education was simply not a controlling factor in the instant case.

■ By point one, appellant complains that the evidence is insufficient to support his conviction for possession of marihuana. In reviewing the sufficiency of the evidence, we must determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). We must review all the evidence to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime and not just a plausible explanation of the crime.

■ To prove a defendant guilty of unlawfully possessing a controlled substance, the State must show that the defendant intentionally or knowingly exercised actual care, custody, control or management over a controlled substance, *Humason v. State*, 728 S.W.2d 363, 365 (Tex.Crim.App.1987), and that the accused knew that the matter he possessed was contraband. *Johnson v. State*, 658 S.W.2d 623, 627 (Tex.Crim.App. 1983); *Arguijo v. State*, 738 S.W.2d 367, 369 (Tex.App.—Corpus Christi 1987, no pet.). In other words, there must be some independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it can be concluded that he had knowledge of the contraband as well as management or control over it. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App.1985); *Villarreal v. State*, 703 S.W.2d 301, 305 (Tex. App.—Corpus Christi 1985, no pet.).

The facts show appellant was driving the automobile stopped by Rogers. This vehicle was rented by someone named Hector Castillo who was not in the vehicle. Appellant's only passenger was a man named Antonio Ramirez. Once Rogers received permission to search the trunk, appellant produced the key and Rogers opened the trunk. The trunk contained two suitcases. Rogers searched one of these suitcases and found nothing suspicious. When Rogers removed the other suitcase, he asked who it belonged to. Appellant said that the suitcase was his. Inside this suitcase, Rogers discovered about twenty-five pounds of marihuana.

The evidence clearly shows (1) that appellant was the driver of the vehicle; (2) that appellant produced the key that unlocked the vehicle's trunk; (3) that the vehicle's trunk held a suitcase that appellant stated was his; and (4) that this suitcase contained about twenty-five pounds of marihuana. This evidence establishes the affirmative link necessary to show possession by appellant. We overrule appellant's points of error and AFFIRM the trial court's judgment.