**Jesse BORREGO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–89–392–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 29, 1990.

Rehearing Overruled Dec. 28, 1990.

Carl Lewis, Tinker & Tor, Corpus Christi, for appellant.

Grant Jones, James D. Rosenkild, Dist. Attorney's Office, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

A jury found appellant, Jesse Borrego, guilty of aggravated assault, that both enhancement paragraphs in the indictment were true and that appellant used a deadly weapon during the commission of the offense. Appellant's punishment was set at seventy-five years' confinement in the Texas Department of Criminal Justice, Institutional Division. By three points of error, appellant challenges the sufficiency of the evidence to show that he used a knife, and that the knife was a deadly weapon. He also attacks the State's jury argument. We affirm the trial court's judgment.

The State's evidence shows that on October 2, 1988, Officer Kinane went to a residence and interviewed Tina Ramirez. Ramirez had stab wounds on her chest and face. Ramirez told Kinane that she came home and found appellant and two other males near her mother's car. Ramirez asked them to leave, and appellant and the two others stabbed her. Ramirez told Kinane that she did not know how many knives were involved. Kinane found an open pocket knife with a three to three-and-one-half inch blade laying on the ground approximately six feet from Ramirez' mother's car. No blood was on the knife. Ramirez testified that she did not know

what appellant used to stab her. She thought that the pocket knife found near her mother's car belonged to her. She said that she used the knife during the alleged attack.

Dr. Frederick Merchant examined Ramirez and found multiple stab wounds and lacerations to her upper body, trunk, arms and hands. He said that Ramirez' wounds were consistent with knife wounds. He also said, however, "that any kind of sharp object could cause a similar wound, whether it's a knife or some kind of sharp tool or piece of glass. They function the same way. It's not possible to tell exactly which instrument, but the type of instrument."

■ By point one, appellant complains that the trial court erred in overruling his motion for a directed verdict because the evidence was insufficient to show that he used a knife in the commission of the alleged offense. In reviewing the sufficiency of the evidence, we must determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989); *Zamora v. State,* 779 S.W.2d 886, 889 (Tex. App.—Corpus Christi 1989, no pet.). We must review all the evidence to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime and not just a plausible explanation of the crime.

Appellant was indicted for the attempted murder of Tina Ramirez. The indictment states, in pertinent part, (emphasis ours) that appellant:

on or about October 2, 1988, in Nueces County, Texas, did then and there with the specific intent to commit the offense of murder against Tina Ramirez, intentionally and knowingly do the act of stabbing Tina Ramirez *with a knife;* and that this act amounted to more than mere preparation which tended but failed to effect the commission of said offense. . . .

The trial court instructed the jury on the offenses of aggravated assault and attempted murder. Each instruction alleged that appellant stabbed Tina Ramirez with a knife.

■ As a general rule, the State has to follow the allegations in the indictment and is required to prove each allegation contained therein beyond a reasonable doubt. *Doyle v. State*, 661 S.W.2d 726, 729 (Tex.Crim.App.1983); *Moore v. State*, 531 S.W.2d 140, 142 (Tex.Crim.App.1976). Unnecessary words or allegations contained in an indictment, however, may be disregarded if they are not descriptive of a legally essential element of the charged offense. *Wray v. State*, 711 S.W.2d 631, 633 (Tex. Crim.App.1986). When unnecessary allegations are descriptive of that which is legally essential to the charged offense, they must be proven as alleged even though needlessly stated. *Wray*, 711 S.W.2d at 633. When the indictment alleges a specific means of committing an assault or homicide, the State has the burden of proving that allegation. *Windham v. State*, 638 S.W.2d 486, 487–88 (Tex.Crim. App.1982).

In *Weaver v. State*, 551 S.W.2d 419 (Tex. Crim.App.1977), the accused was charged with aggravated assault due to his use of a deadly weapon. The indictment provided that the appellant "did then and there intentionally and knowingly use a deadly weapon, to-wit: a 22 caliber Ruger automatic pistol...." An essential element of the offense was the use of a deadly weapon; therefore, it was necessary that "deadly weapon" be alleged. The detailed description of the deadly weapon was not a necessary allegation, but since it was descriptive of an essential element of the offense, to wit: the deadly weapon, it had to be proved as alleged. The Court of Criminal Appeals held that since the evidence described the weapon as a Luger and not a Ruger, the conviction had to be reversed. *Weaver*, 551 S.W.2d at 421.

In *Windham*, the indictment alleged that appellant attempted to cause the death of the complainant *"by shooting at her with a gun."* (emphasis in original). The evidence showed that appellant pointed the gun at the complainant, pulled the trigger and the gun only clicked. The definition of "shoot" requires some projectile being discharged. The Court of Criminal Appeals held that this evidence constituted a fatal variance between what the State pleaded and proved. *Windham*, 638 S.W.2d at 487–88.

■ In the instant case, appellant was indicted for attempted murder. An essential element of the attempted murder, an "act amount[ing] to more than mere preparation," was alleged in the indictment as "stabbing Tina Ramirez with a knife." The word "knife" describes the means used to effectuate the offense. We hold, therefore, that because the word "knife" describes an essential element of the offense, the State was required to prove that appellant used a knife to stab Ramirez. *See Windham*, 638 S.W.2d 487–88; *Weaver*, 551 S.W.2d at 421.

■ A "knife" is defined as "any bladed hand instrument that is capable of inflicting serious bodily injury or death by cutting or stabbing a person with the instrument." Tex. Penal Code Ann. § 46.01(7) (Vernon 1989). Tina Ramirez testified that she was stabbed during the alleged altercation with appellant. Dr. Merchant found multiple stab wounds to her upper body, trunk, arms and hands. He said that Ramirez' wounds were consistent with knife wounds. Viewing the evidence in the light most favorable to the prosecution, we hold that the evidence shows that a knife, as defined in the Texas Penal Code, was used to stab Tina Ramirez.

■ By point two, appellant challenges the sufficiency of the evidence to support the jury's finding that the knife was a deadly weapon. Although a knife is not a deadly weapon *per se*, it can qualify as one through the manner of its intended use. *Moreno v. State*, 755 S.W.2d 866, 869 (Tex. Crim.App.1988). § 1.07(a)(11) of the Texas Penal Code defines "deadly weapon" as:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

■ To determine if the evidence is sufficient to support a jury's finding that a knife is a deadly weapon, an appellate court reviews the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found that the knife, in the manner of its use and intended use, was capable of causing death or serious bodily injury. *See Williams v. State*, 732 S.W.2d 777, 780 (Tex.App.—Corpus Christi 1987, no pet.). Dr. Merchant testified that Tina Ramirez suffered a stab wound to her chest which penetrated her lung. This caused her lung to leak blood and air. According to Dr. Merchant, this injury was definitely life threatening. If the wound had not been treated, Ramirez could have died. He also said that Ramirez' life was threatened due to the number of lacerations she received. Viewing the evidence in the light most favorable to the prosecution, we hold that the evidence is sufficient to support the jury's finding that the knife was a deadly weapon.

■ By point three, appellant complains that the State's attorney made improper remarks to the jury during the punishment phase when he asked it "to consider the question of probation and how long the Defendant would serve on any sentence of confinement." During final summation, the State's attorney had argued to the jury that appellant had three prior felony convictions. Later, the State's attorney remarked: "Look at all the evidence. Again, you live in Corpus Christi. We read in the paper all the time about sentencing of criminals and people outraged because criminals get out on the streets so soon and everybody always says that." Appellant's counsel objected, asked the trial court to instruct the jury to disregard the "reference to parole," and requested a mistrial. The trial court sustained the objection and instructed the jury. A mistrial was not granted.

■ There are four general areas of permissible jury argument: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement. *Briddle v. State*, 742 S.W.2d 379, 389 (Tex.Crim.App.1987), *cert. denied*, 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1989); *Hinojosa v. State*, 788 S.W.2d 594, 597 (Tex.App.—Corpus Christi 1990, pet. ref'd). Unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed, the trial court's instruction to disregard the comment will normally obviate the error. *Kinnamon v. State*, 791 S.W.2d 84, 89 (Tex.Crim.App. 1990); *Tejerina v. State*, 786 S.W.2d 508, 511 (Tex.App.—Corpus Christi 1990, pet. ref'd). Moreover, in order for an improper argument to rise to a level mandating reversal, the argument must be "extreme or manifestly improper, or inject new and harmful facts into evidence." *McKay v. State*, 707 S.W.2d 23, 36 (Tex.Crim.App. 1985), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986).

We hold that the argument was not so extremely or manifestly improper, nor was any new or harmful fact interjected so that the instruction to disregard did not cure same. Point of error number three is overruled.

The trial court's judgment is AFFIRMED.