COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 VALERIANO
 ZERMENO TAPIA,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-01-00283-CR
  
 Appeal from
  
 Criminal District Court 4
  
 of Dallas County, Texas 
  
 (TC# F-0030080-NK)
  
 
 


O P I N I O N

 

In this appeal of his sexual assault
conviction, Valeriano Zermeno Tapia challenges the factual sufficiency on the
element of consent and claims egregious harm to a portion of the court=s charge he failed to object to at
trial.  We will affirm.

I.

Appellant pled not guilty, but was
convicted by a jury of sexual assault. 
The trial court assessed punishment at fifteen years= confinement plus a $1,000 fine.








The complainant dated appellant for
about a month until she discovered he was married.  After the breakup, appellant called her again
and she went out with appellant and ended up at the home of appellant=s friend.  There, complainant testified appellant tried
to have sex with her three times, using force, hurting her.  Although she struggled, pushed appellant away
and asked to be let go, appellant continued his advances.  Further facts will be developed in our
sufficiency review.

II.








In determining the factual
sufficiency of the elements of an offense, the reviewing court A>views all the evidence . . . in a
neutral light, and sets aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.=@ 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (citing Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)).   The court reviews the evidence weighed by
the jury that tends to prove the existence of the elemental fact in dispute and
compares it with the evidence that tends to disprove that fact.  Id. 
We are authorized to disagree with the fact finder=s determination.  Id. (citing Clewis, 922 S.W.2d at
133).  This review, however, must employ
appropriate deference to prevent an appellate court from substituting its
judgment for that of the fact finder, and any evaluation should not
substantially intrude upon the fact finder=s role as the sole judge of the
weight and credibility given to witness testimony.  Jones v. State, 944 S.W.2d 642, 648
(Tex. Crim. App. 1996).  The complete and
correct standard a reviewing court must follow to conduct a Clewis factual
sufficiency review of the elements of a criminal offense, asks whether a
neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the jury=s determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof.  Johnson, 23 S.W.3d at 11.

III.

We will review the evidence to
determine if the element of consent, although adequate if taken alone, is
outweighed by contrary proof (as argued by appellant).  See id. The complainant dated
appellant about a month until she discovered he was married.  As a Catholic who did not believe in
premarital sex, she did not have sex with appellant before the night in
question.  The two worked together at
Poly America, where some saw them as friends, even, according to a defense
witness, Atalking . . . like two people in
love.@ 
On the other hand, complainant testified he bothered her at work.  Sometime after they broke up, appellant
called the complainant at a party.  She
agreed to meet him.  The evidence then
takes two further divergent paths.








The complainant testified that
outside the party, appellant grabbed her and threw her in the truck.  The complainant tried to get away but the
truck door handle was broken.  Appellant
took her to a friend=s house that was darkened and she could not see or hear
anyone in the house.  Appellant moved a
dresser with a TV in front of the door, pushed her onto the bed, and got on top
of her.  He held her hands, took off her
clothes, tried to have sex with her, and she started to bleed.  She pushed him with her hands, asked to be
let go, told him she did not want to have sex with him, and struggled to get
away from appellant.  Appellant attempted
sex with her two more times, caused her much pain, and she became too exhausted
to prevent his penetration of her.  The
following afternoon, after appellant left, she walked around trying to figure
out where she was until about seven o=clock that evening.  Her sister picked her up on the street.

Through an interpreter, Canuto Campos
directly contradicted the complainant about her demeanor and the use of his
house.  He testified the complainant was
brought to his house,  she looked Anormal@ and was hugging appellant.  Campos=s wife and children were present and
he asked appellant to block the door with the television because one of the
children liked to go to the room where the sex occurred.  Campos heard no noise coming from the bedroom
during the night.  The next morning the
complainant looked normal and had not been crying.  She was picked up that evening about 7 p.m.
by her sister and two men.  Their
demeanor was normal.

Duve Tapia, wife of appellant, also
testified for the defense and she observed two hickeys on appellant=s neck.  She testified about a conversation with
appellant, who recounted that he had run off with the complainant.  Complainant had also testified that appellant
called her mother from the truck and told complainant=s mother at one point the two were
engaged and at another point that they were going to get married.








When the complainant left the Campos
house, caught a ride, and went home, she complained of the assault to her
sister and mother who called the police. 
The complainant was taken to two hospitals and a rape exam was
conducted.  The rape exam showed two
bruises on her neck and a full thickness laceration of hymenal ring, which was
bleeding.  Dr. John Schorge testified the
injury would have caused excruciating pain and was an obvious sign of forced
entry.  The policeman who interviewed the
complainant at the hospital opined she was distraught, crying, and
shaking.  Complainant=s sister also corroborated the
distress, that her sister was pale, weak, and had been crying a long time.  A forensic biologist=s report indicated a component of
sperm present following a vaginal smear test.

IV.








 Sexual assault is without consent if the actor
compels the other to submit or participate by the use of physical force or
violence.  Barnett v. State, 820
S.W.2d 240, 241 (Tex. App.--Corpus Christi 1991, pet. ref=d) (citing Hernandez v. State,
804 S.W.2d 168, 169 (Tex. App.‑‑Houston [14th Dist.] 1991, pet. ref=d)); Tex. Penal Code Ann. ' 22.011(b)(1) (Vernon 1994).  Under this statute, the emphasis is upon the
actor=s compulsion rather than the victim=s resistance.  Wisdom v. State, 708 S.W.2d 840, 842‑43
(Tex. Crim. App. 1986); Bannach v. State, 704 S.W.2d 331, 332‑33
(Tex. App.‑‑Corpus Christi 1986, no pet.).  The degree of physical resistance by a victim
does not render the evidence insufficient to prove the lack of consent.  Barnett, 820 S.W.2d at 240.  The issue before us, then, is whether
sufficient evidence exists to show that appellant compelled complainant=s submission by the use of actual
force.  Garcia v. State, 750
S.W.2d 922 (Tex. App.‑‑Corpus Christi 1988, no pet.); see also
Gonzales v. State, 2 S.W.3d 411, 415 (Tex. App.--San Antonio 1999, no pet.)
(degree of physical resistance by a victim does not render the evidence
insufficient to prove the lack of consent).

We hold the evidence sufficient to
show lack of consent due to actual force by appellant.  The contrary evidence, by friends and
relatives of appellant, is problematic. 
The complainant directly contradicts Campos, who also observed he did
not want any trouble.  Other testimony
about a friendship, even courting between appellant and the complainant, does
not greatly outweigh the complainant=s testimony, especially in the light
of fresh complaints and corroborating physical evidence.  Our evaluation of the evidence should not
substantially intrude upon the fact finder=s role as the judge of the weight and
credibility given to witness testimony.  Jones,
944 S.W.2d at 648.  Appellant=s first issue is overruled.

V.








In his second issue, appellant
complains of the court=s charge for the first time on appeal.  No objection was lodged to the trial
court.  Accordingly, to constitute
reversible error, there must be a showing of egregious harm sufficient to deny
appellant a fair trial.  Almanza v.
State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).  Appellant, with no citation to the record,
argues generally that the court=s charge does not contain all three conduct elements under
section 6.03 of the Penal Code.[1]  He complains the jury charge defines intent
and knowledge with respect to the result of appellant=s conduct only.  Appellant argues:  AIn the instant offense the result of
Appellant=s conduct, causing penetration of
[complainant=s] sexual organ, combined with the
nature of his conduct, by means of his penis, does not constitute a crime.@ 
Only when combined with the circumstances surrounding the conduct of the
complainant=s lack of consent is a crime
committed.  Appellant further argues he
could be convicted without regard to his culpable mental state, thus lowering
the State=s burden.  We disagree.

The court=s charge included definitions of Aintentionally@ and Aknowingly@ but set forth only the conduct
element, e.g., AA person acts knowingly, or with knowledge, with respect to a
result of his conduct, when he is aware that his conduct is reasonably certain
to cause the result.@  Section 6.03 of the
Texas Penal Code defines the mental state Aknowingly@ as follows:

(b) A
person acts knowingly, or with knowledge, with respect to the nature of his
conduct or to circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist.  A person acts knowingly, or with knowledge,
with respect to a result of his conduct when he is aware that his conduct is
reasonably certain to cause the result.  

 

Tex. Penal Code Ann. ' 6.03(b) (Vernon 1994).  The charge also defined consent.  A>Consent= means assent in fact, whether
express or apparent.@

The application portion of the charge
provided Athat one VALERIANO ZERMENO TAPIA,
defendant, did unlawfully then and there, intentionally or knowingly cause
penetration of the female sexual organ of [complainant] . . . without the
consent of [complainant], by means of an object, to-wit:  the sexual organ, of defendant . . . .@ 
Thus we cannot agree with appellant that the State=s burden was lessened.








When an offense is not clearly
categorized as either a Aresult@ or Anature of conduct@ type offense, it is not error for
the trial court to submit the statutory definitions of Aintentionally@ and Aknowingly@ because both definitions allow the
jury to consider the nature of a offender=s conduct or the results of his
conduct.  Bosier v. State, 771
S.W.2d 221, 225 (Tex. App.‑‑Houston [1st Dist.] 1989, pet. ref=d). 
It follows then that when an offense is both a Aresult@ and a Anature of the conduct@ type offense that the trial court
should submit the complete statutory definitions of Aintentionally@ and Aknowingly@ so that the jury can consider both
the result of an offender=s conduct and the nature of his conduct.  Saldivar v. State, 783 S.W.2d 265,
267-68 (Tex. App.--Corpus Christi 1989, no pet.).  Similarly, when an offense is only a Aresult@ or a Anature of the conduct@ type offense, the court should
submit statutory definitions of Aintentionally@ or Aknowingly@ which are limited to the respective
culpable mental state required.  Id.
at 268.  This, the charge accomplished.








We also note here the mental state Aknowingly@ or Awith knowledge,@ as it relates to the appellant=s action with respect to the nature
of his conduct or the existing circumstances is not substantially different
from the common usage and understanding of those terms.  See Mathis v. State, 858 S.W.2d 621,
622 (Tex. App.--Fort Worth 1993, pet. ref=d). 
In this case, it constituted a requirement that the State prove that
appellant intentionally or knowingly caused penetration of complainant without
her consent.  See id.  The application paragraph required the
jury to so find beyond a reasonable doubt before it could return a guilty
verdict against appellant.  Consequently,
we hold that appellant suffered no egregious harm as a result of any omission
of the full definition of Aknowingly@ or Awith knowledge.@ 
Id.  This is particularly
true when the central dispute was between the credibility of the respective
witnesses.[2]

Finally, as noted by the State, how
could the charge limit each conduct element, when all the conduct elements were
not present?  Appellant argues, in part,
a hypothetical error to a hypothetical charge. 
Errors which result in egregious harm are those which affect A>the very basis of the case,=@ deprive the defendant of a A>valuable right,=@ or A>vitally affect [a] defensive theory.=@ 
Almanza, 686 S.W.2d at 172.  
Appellant=s second issue is overruled.

The judgment of the trial court is
affirmed.

 

                                                                   
        

DON
WITTIG, Justice

 

October 3, 2002

 

Before Panel No. 5

Barajas, C.J., Larsen, and
Wittig, JJ.

(Wittig, J., sitting by
assignment)

 

(Do Not Publish)

 











[1]Appellant
also fails to cite to specific code sections, effective dates of statutes, and
does not favor us with pin cites to his argued authority.





[2]Even
appellant=s
sufficiency argument points out that the real dispute was not scienter
of the appellant, but the use of force causing non-consent of the complainant.