In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00036-CR

                                                ______________________________

 

 

                                 CHARLES RANDALL KAY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Franklin County, Texas

                                                             Trial
Court No. 8466

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

            Charles
Randall Kay was convicted by a jury for bail jumping and failure to appear at
trial for an underlying theft charge. 
Enhanced by pleas of true to two prior felony convictions, Kay was
sentenced as a habitual offender to fifty years’ imprisonment.  Kay alleges that the trial court erred in
allowing Gene Stump, his counsel in the underlying theft charge, to testify
during trial despite objections that the testimony would violate
attorney-client privilege.  Kay also
complains that the trial court erred in admitting the sentence for the theft
conviction, and for allowing evidence and testimony regarding “events following
the [theft] trial leading to Appellant’s apprehension” over Rule 503
objections.  We affirm the trial court’s
judgment. 

            District
Clerk Ellen Jaggers[1]
and Deputy Sheriff Chris Marrs were in the courtroom on the day of Kay’s trial
by jury for theft.  Kay was present
during the guilt/innocence phase of the trial on January 28, 2008.  The trial judge read the jury’s verdict that
Kay was guilty of theft, and a short break was taken prior to the punishment
hearing.  Marrs testified that Stump came
to him at the conclusion of the break to ask of Kay’s whereabouts.  Stump informed Marrs that Kay had not
returned from a smoke break.  Marrs
called Kay’s name from the courthouse steps, received no reply, and confirmed
that Kay’s vehicle was no longer present in the courthouse parking lot.  The punishment phase resumed without Kay
present, and the jury assessed a twenty-year sentence for the theft.  

            Jaggers
mailed Kay a notice informing him to appear for sentencing on February 8, 2008,
and that “proceedings will be initiated for the forfeiture of your bond and a
capias will be issued for your arrest” if there was another failure to
appear.  Kay did not appear.  He was sentenced for the theft on March 4,
2008, after being apprehended.  

I.          Rule 503 Objections to
Testimony from Previous Counsel 

            In
addition to the general rule of privilege protecting confidential
attorney-client communications, Rule 503(b)(2) of the Texas Rules of Evidence
states:  “In criminal cases, a client has
a privilege to prevent the lawyer or lawyer’s representative from disclosing
any other fact which came to the knowledge of the lawyer or the lawyer’s
representative by reason of the attorney-client relationship.”  Tex. R.
Evid. 503(b)(2).  

            A.        Kay Failed to Preserve Error on
Sustained Rule 503 Objections  

            The trial court
held a hearing outside the jury’s presence regarding Kay’s 503(b)(2) objections
to Stump’s testimony.  It clarified that
it would allow Stump to testify “as to his personal observations,” but wanted
to hear testimony outside of the jury’s presence as to any “communications.”  A question and answer session followed.  The court sustained objections to the
questions:  “[D]id you ever tell the
Defendant that he had to stay here?” and “Did you give the Defendant any reason
to believe that he could leave the courtroom?”  While still outside the jury’s presence, the
following transpired:

            Q
        And you know that, if you do not
advise or if you give your client any reason to think it’s okay to leave, that
that would be ineffective assistance of counsel; correct?

 

            A
        Yes, ma’am, I understand that. 

 

            Q
        Okay.  So, do you believe you committed ineffective
assistance of counsel?

 

            A
        No, ma’am. 

 

                        MR. FORSMAN:  Objection, relevance, Your Honor.  There’s never been any indication of
ineffective --

 

                        MS. KELLY:  I was just going around it. 

 

                        THE COURT:  Okay. 
Go ahead. 

 

            Q         (by Ms. Kelly)  So, you’re saying that, at no time did you commit
ineffective assistance of counsel by allowing the Defendant to leave the trial?

 

            A         No, ma’am.

 

                        MR. FORSMAN:  Object to attorney-client privilege.  

 

                        MS. KELLY:  That’s not attorney-client privilege.  It has nothing to do with communication
between them.  

 

                        THE COURT:  And the question once again?  Because how you word this is very
important.  Ask the same question.  I just need to hear it again.

 

            Q         (by Ms. Kelly) At no time during the
trial do you believe that you committed ineffective assistance of counsel by
the fact that your client left without release by the judge?

 

            A         No, I don’t believe that I did. . . .

 

The court stated that it intended
to sustain the Rule 503 objections related to communications between Kay and
Stump, made clear “I don’t want any kind of communications or anything like
that whatsoever,” and gave counsel a running Rule 503 objection at trial. 

            While
in the presence of the jury, the State elicited the following testimony from
Stump:

            Q         And have you ever told any of your
clients that it was okay to just leave?

 

            A         No, ma’am. 

 

            Q         And if you did tell a client that it
was okay to leave, do you believe that that would be ineffective assistance of
counsel?

 

            A
        It would be . . . .

 

Later, Stump testified he had
never, in his opinion, committed ineffective assistance of counsel. 

            In
his brief, Kay complains “[t]he State did an ‘end around’ the Court’s order not
to get into attorney/client privileged communications by asking Stump if it
would be ineffective assistance of counsel to advise a client that it was okay
to leave the courthouse without the court’s permission.”  Kay alleges that these questions effectively
asked Stump to disclose communications he had with Kay.  Assuming this assertion is correct, and even
if this evidence was admitted in violation of the trial court’s ruling that the
State was not to mention communications between Stump and Kay, a further step
was required to show reversible error. 
But Kay requested no further relief from the trial court.   

            It
is well settled that when an appellant has been given all the relief he or she requested
at trial, there is nothing to complain of on appeal.  Nethery
v. State, 692 S.W.2d 686, 701 (Tex. Crim. App. 1985); Lasker v. State, 573 S.W.2d 539, 543 (Tex. Crim. App. [Panel Op.] 1978)
(“Appellant’s objection was sustained.  No
instruction to disregard was requested nor was a motion for mistrial made.  Appellant received all the relief which he
asked for at trial.  Cazares v. State, 488 S.W.2d 110 (Tex. Crim. App. 1972); . . . .  Nothing is preserved for review.”).  To preserve error, an appellant must (1) make
a timely and specific objection; (2) request an instruction to disregard the
matter improperly placed before the jury; and (3) move for a mistrial.  See Tex. R. App. P. 33.1(a); Archie v. State, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); Penry v. State, 903 S.W.2d 715, 764
(Tex. Crim. App. 1995); see also Jackson
v. State, 287 S.W.3d 346, 353–54 (Tex. App.––Houston [14th Dist.] 2009, no
pet.).  Failure to request additional
relief after an objection is sustained preserves nothing for review.  See
Caron v. State, 162 S.W.3d 614, 617 (Tex. App.––Houston [14th Dist.] 2005,
no pet.).

            In
an effort to meet this requirement, Kay claims that his counsel moved for a
mistrial.  During questioning of Stump,
the prosecutor made the statement, “[W]e can’t get into any communications
between you and the Defendant based on the attorney-client privilege.”  After a lunch break, Kay’s counsel made the
following motion:

Your Honor, at this time, Defendant moves for a
mistrial.  There was a speech immediately
preceding -- before lunch about -- words to the effect, quote, I’m not going to
get into the attorney-client privilege. 
I’m not going to talk about this because I know we can’t do it, hint,
hint, wink, wink, nod, nod.  The jury has
been tainted; the jury has been prejudiced. 
This Court can’t cure it by an instruction.  We need a mistrial.  

 

Counsel complains of Stump’s
testimony that it would be ineffective assistance for him to advise a client
they could leave and that he did not commit ineffective assistance.  The trial court sustained Kay’s objections
with regard to any communications. 
Counsel’s motion for mistrial was unrelated to his sustained objection
and complaint on appeal.  Because he
failed to secure an adverse ruling on this issue from the court, we conclude
that no error was preserved for our review. 


B.        The
Trial Court Did Not Err in Allowing Stump to Testify to His Personal Observations

 

            At
trial, Kay urged the trial court to exclude testimony of any nature from Stump
based on Rule 503(b)(2) entitled “Special rule of privilege in criminal cases.”  Tex.
R. Evid. 503(b)(2).  That rule
grants a client a privilege to prevent the lawyer from “disclosing any other
fact which came to the knowledge of the lawyer . . . by reason of the attorney-client
relationship.”

            Kay
argues, “Eliciting evidence from Appellant’s trial counsel as to how and under
what circumstances Appellant left the courthouse is not only an egregious
violation of the plain meaning of the rule, but it is also reversible error.”  Without references to the record in his
brief, we assume Kay refers to Stump’s personal observations that Kay was found
guilty, the court took a break, Kay left the courtroom, and did not return for
sentencing.  Stump also testified he did
not witness any other person instruct Kay that he was free to leave.  

            Kay
argued that this evidence constituted “other fact[s] which came to the
knowledge of the lawyer or the lawyer’s representative by reason of the
attorney-client relationship.”  Tex. R. Evid. 503(b)(2).  We review the trial court’s decision on the
applicability of a privilege for an abuse of discretion.  See
Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002); Welch v. State, 908 S.W.2d 258, 265
(Tex. App.––El Paso 1995, no pet.); Anderson
v. State, 880 S.W.2d 35, 37 (Tex. App.––Tyler 1994, pet. ref’d).  If the trial court’s ruling falls within the
zone of reasonable disagreement and is correct under any theory of law
applicable to the case, we affirm its decision. 
Winegarner v. State, 235
S.W.3d 787, 790 (Tex. Crim. App. 2007). 
The burden of establishing the privilege is on the party asserting it.  Harvey
v. State, 97 S.W.3d 162, 168 (Tex. App.––Houston [14th Dist.] 2002, pet.
ref’d) (citing Strong v. State, 773 S.W.2d
543, 552 (Tex. Crim. App. 1989)). 

            The
purpose of the attorney-client privilege is to promote communication between
attorney and client unrestrained by fear that these confidences may later be
revealed.  Austin v. State, 934 S.W.2d 672, 673 (Tex. Crim. App. 1996).  Exclusion of Stump’s testimony would not aid
this purpose.  In this case, the trial
court ruled that any personal observations made by Stump while in the courtroom
on January 28, 2008, were not facts of which he became aware solely by reason
of the attorney-client relationship.  As
observed through Marrs’ and Jaggers’ testimony, anyone present in the courtroom
that day was able to observe “how and under what circumstances Appellant left
the courthouse.”[2]  

            We
find, in the absence of caselaw to the contrary, that Kay has not met his
burden to establish applicability of the privilege to Stump’s personal
observations.  Therefore, we hold the
trial court was within its discretion to determine that Stump’s observations on
the day of the theft trial were not facts known to him by reason of the
attorney-client privilege.  This point of
error is overruled.  

II.        Any
Error in Admission of Evidence and Sentence in Theft Case Was Unpreserved  

            Kay argues that the trial court
erred in admitting evidence of the sentence in the theft case and in admitting “the
event following the trial leading to [Kay’s] apprehension because the
prejudicial value of the evidence outweighed its probative value.”  Prior to trial, Kay filed two motions in
limine requesting that “mention of the testimony given” in the theft case and
twenty-year sentence of incarceration be excluded from admission.  Counsel argued that such evidence was
irrelevant, that its probative value was substantially outweighed by unfair
prejudice, and that it would constitute introduction of extraneous bad acts for
an improper purpose.  A hearing was
conducted before trial to determine the breadth of the State’s opening
statement regarding events that occurred leading to this charge.  The trial court concluded, “I believe it would
be before the jury how [the alleged failure to appear] occurred, that is, he
was in trial, and then he left the courtroom -- the courthouse and, actually,
was gone for so many days,” overruled the objections with regard to “what we
used to call the res gestae of the offense, that is, surrounding circumstances
that led to this offense,” but then said, “[W]e’ll have to take it question by
question as to that.”[3]  The court also ruled “as to whether he got 20
years or not, I don’t know that that’s relevant. . . .  I won’t allow you to get into, maybe, the
sentence or whatever, because that happened after he left,” but again
reiterated that objections to questions at trial would be required.

            During
trial, there was no objection to Marrs’ testimony, and only one objection to
Jaggers’ testimony.[4]  Counsel affirmatively represented that he had
no objection to admission into evidence of several documents from the previous
theft trial:  these included the
guilt/innocence jury charge and verdict form; punishment jury charge and
verdict form, which reflected the assessed twenty-year sentence; a letter
instructing Kay to appear on February 8, 2008; a bond forfeiture order; and a judgment
of conviction in the theft case.  These
documents confirmed that Kay was convicted of theft, that he was assessed
punishment of twenty years’ imprisonment and a fine of $10,000.00, and a
judgment was entered in accordance with that verdict. 

            When
evidence is offered during trial and defense counsel affirmatively represents that
the defendant has “no objection” to the evidence, any alleged error in its
admission is waived.  Moody v. State, 827 S.W.2d 875, 889
(Tex. Crim. App. 1992).  By confirming
that there was “no objection” to any of these documents, Kay effectively waived
or forfeited any claim in this Court that the trial court erred in admitting
evidence of Kay’s conviction and judgment.  Our understanding of the procedural history of
the case and reading of Kay’s brief demonstrate that he is relying on his
motions in limine to preserve this point of error.[5] 

            To
properly preserve error with regard to admission of evidence, there must have
been a timely request, objection, or motion with sufficient specificity to make
the trial court aware of the complaint and secure a ruling.  Tex. R. App. P. 33.1.  A motion in limine will not suffice as an
objection at trial.  Webb v. State, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988).  The granting of a pretrial motion in limine
will not preserve error; it is necessary that an objection be made at the time
the subject is raised during the trial.  Geuder v. State, 115 S.W.3d 11, 14 (Tex.
Crim. App. 2003); Wilkerson v. State,
881 S.W.2d 321, 326 (Tex. Crim. App. 1994).[6]  Kay’s brief only specifies complaints to
Marrs’ testimony and to the introduction of the sentence in the theft
case.  Because no objection was made to
Marrs’ testimony and Kay specifically stated there was no objection to
documents showing the conviction and judgment, we conclude Kay failed to
preserve this point of error for our review. 
It is overruled. 

III.       Conclusion


            We
affirm the trial court’s judgment. 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          February 3, 2011

Date Decided:             February 16, 2011

 

Publish











[1]Kay’s
brief does not specify that the trial court erred in admitting any testimony
from Jaggers. 





[2]Even
if we found error in the admission of Stump’s personal observations, Jaggers’
and Marrs’ testimony to the same facts would render any such error
harmless.  See Tex. R. App. P. 44.2.





[3]Kay
argues he was granted running Rule 401, 403, and 404 objections by the trial
court.  Trial counsel acknowledged that
the objections with respect to Kay’s motions in limine were only granted to the
State’s opening statement. 





[4]When
the State asked Jaggers whether the jury in the theft case found Kay guilty,
counsel objected to “any references by the State about the prior convictions.”  This objection came after Jaggers already
testified, without objection, that Kay was found guilty by the jury and that
objection was overruled.  

 





[5]Kay
also lodged Rule 401, 403, and 404 objections to the introduction of one page of
the reporter’s record in the underlying theft case where the trial judge announced
that Kay did not come back after the break, his car was not in the parking lot,
and the judge was issuing a capias for Kay’s arrest.  Kay does not mention this transcript in his
brief.  In any event, Jaggers testified
to facts contained within this page of the reporter’s record without objection.






[6]“A
ruling on a motion in limine is merely preliminary because, in most cases, a
trial judge is not in a position to rule on the admissibility of evidence
before trial begins.  Thus, the court’s
decision on the matter presented in the motion in limine is subject to
reconsideration throughout the course of trial.”  Rawlings
v. State, 874 S.W.2d 740, 743 (Tex. App.—Fort Worth 1994, no pet.)
(citations omitted).