**Lee Allen MATHIS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–92–295–CR.**

Court of Appeals of Texas,
Fort Worth.

July 20, 1993.

Rehearing Overruled Aug. 24, 1993.

James A. Rasmussen, Wichita Falls, for appellant.

Jack A. McGaughey, Dist. Atty., Montague, for State.

Before HILL, C.J., and DAY and FARRAR, JJ.

OPINION

HILL, Chief Justice.

Lee Allen Mathis was convicted by a jury of the offense of forgery. The jury, finding enhancement allegations true, assessed his punishment at fifty years in the Texas Department of Criminal Justice, Institutional Division. Mathis complains in two points of error that the trial court erred by failing to define "knowingly" or "with knowledge" in the court's charge and by failing to include these terms in the application paragraph of the court's charge.

We affirm because we hold that Mathis suffered no egregious harm because of any error by the trial court in failing to define the culpable mental state "knowingly" or "with knowledge" or to use those specific terms in the application paragraph, where the jury was required to make such a finding without the benefit of such a definition, where the common usage so closely reflects the statutory definition.

As we have noted, Mathis urges in points of error numbers one and two that the trial court erred by failing to define "knowingly" or "with knowledge" in the court's charge and by failing to include these terms in the application paragraph of the court's charge.

The indictment in this case alleged that Mathis "did then and there unlawfully, with intent to defraud and harm another, knowingly transfer and pass as true . . . a forged writing." The charge to the jury did not include a definition of "knowingly" or "with knowledge," nor was either of such terms specifically included in the application paragraph of the charge. The

application paragraph did, however, require the jury to find that Mathis knew at the time he passed the check that it was a forged writing. Mathis made no objection to any such omission in the charge.

■ Because Mathis did not object at trial to the errors of which he now complains, we must decide whether any error was so egregious and created such harm that Mathis has not had a fair and impartial trial and therefore has suffered egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g).

■ Mathis's forgery charge is based upon his passing a check at a grocery store in Holliday. The check, drawn on the account of Bell Sandblasting of Burkburnett, a former employer of Mathis, contained the forged signature of its owner, Robert E. Bell. The check was one of several that had been removed by someone from the back of the checkbook.

Although the charge to the jury did not include a definition of the terms "knowingly" or "with knowledge," nor include either term in the application paragraph, the application paragraph did require the jury to find that Mathis passed the check with the intent to defraud or harm another and that Mathis knew at the time he passed it that it was a forged writing.

One common meaning of the term "know" is "to have cognizance, consciousness, or awareness of: have within the mind as something apprehended, learned, or understood." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1252 (1981). Consequently, in common usage, something is done "knowingly" when done "with awareness, deliberateness, or intention." *Id.*

Section 6.03 of the Texas Penal Code defines the mental state "knowingly" by stating that "[a] person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." TEX.PENAL CODE ANN. § 6.03(b) (Vernon 1974).

We hold that the mental state "knowingly" or "with knowledge" as it relates to the actor's action with respect to the nature of his conduct or the existing circumstances is not substantially different from the common usage and understanding of those terms. In this case, it constituted a requirement that the State prove that Mathis knew that the check he was passing was a forged instrument. The application paragraph required the jury to so find beyond a reasonable doubt before it could return a guilty verdict against Mathis.

Consequently, we hold that Mathis suffered no egregious harm as a result of any omission of the definition of "knowingly" or "with knowledge" or the omission of those two specific terms in the application paragraph of the court's charge.

Mathis relies on numerous cases, but the most relevant to our determination is that of *Archie v. State*, 615 S.W.2d 762 (Tex.Crim.App. [Panel Op.] 1981). In its opinion the court stated that where the indictment alleges the proper culpable mental state, but the charge to the jury omits that culpable mental state, an essential element, the charge is fundamentally defective. *Id.* at 766. In that case, the indictment alleged the culpable mental states of "intentionally and knowingly" but the charge only required the jury to find the mental state "intentionally." The court held that in the absence of an objection there was no fundamental error. *Id.*

In this case the charge was properly given on the culpable mental state of "intentionally." In addition, the jury was also charged on the mental state of "knowingly" or "with knowledge," although in common terms without the statutory definition. As we have previously noted, there is no significant difference between the common understanding of those terms and the statutory definition as it relates to the nature of the actor's conduct and his understanding of the existing circumstances. Mathis has failed to refer us to any distinction between the common definition and the statutory definition. Therefore, although it might be the better practice for the trial court to use the statutory definition and

terms, we hold, as previously noted, that Mathis has suffered no egregious harm by their omission here. We overrule points of error numbers one and two.

The judgment is affirmed.