**Pearline Cooper ESTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–03–00079–CR.**

Court of Appeals of Texas,
Waco.

Oct. 27, 2004.

James R. Jenkins, Waxahachie, for appellant.

Joe F. Grubbs, Ellis County Dist. Atty., Waxahachie, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

A jury convicted Pearline Cooper Ester of evading arrest in a vehicle. The court sentenced her to ten years' imprisonment, suspended imposition of sentence, and placed her on community supervision. Ester contends in four issues that the court erred by: (1) overruling her *Batson* challenges; (2) overruling her objection to the admission in evidence of a crack pipe taken from her car; (3) failing to define the term "knowingly" in the charge; and (4) overruling her objection to the admission in evidence of a penitentiary packet during the punishment phase. We will affirm.

The evidence in sum is that Ester was driving a car suspected to have been involved in a hit-and-run accident. A Midlothian police officer sighted Ester's car and pursued. Despite the officer activating the overhead lights and siren of his patrol car, Ester failed to stop. Ester fled from the officer at speeds up to 120 miles per hour. She forced other drivers off the road as she led the officer (and others) on a twenty-two-mile chase. When Ester's car was finally stopped, she remained inside with the windows closed. She was smoking a crack pipe as she sat in the car. Because Ester did not respond to the officers' commands, they broke the rear window on the driver's side, unlocked the driver's door, and removed her from the car. She was "shaking and sweating profusely." They transported her to the hospital for a medical evaluation before taking her to jail.

## BATSON CHALLENGES

Ester contends in her first issue that the court abused its discretion by overruling her *Batson* challenges made with regard to two African–American veniremembers against whom the State exercised peremptory challenges.

The State responded to Ester's *Batson* challenge by explaining that it struck veniperson Vann because he had failed to answer several questions on his juror information card, he required "a good minute" to answer the prosecutor's question about how long he had been a resident of the county, he was slow to acknowledge the prosecutor even when being addressed directly, he nodded in affirmation to several of defense counsel's statements during voir dire, and he did not seem very coherent at times. These are race-neutral explanations for the State's peremptory challenge. *See Tate v. State*, 939 S.W.2d 738, 744–45 (Tex.App.-Houston [14th Dist.] 1997, pet. ref'd); *Harper v. State*, 930 S.W.2d 625, 634 (Tex.App.-Houston [1st Dist.] 1996, no pet.).

Ester did not attempt to rebut these reasons at trial. The court's ruling with respect to Vann is supported by the record

and is not clearly erroneous. *See Simpson v. State,* 119 S.W.3d 262, 268 (Tex.Crim. App.2003).

The State explained that it struck veni-reperson McDaniel because she indicated that she would have difficulty judging another person because of her religious beliefs. When the State challenged McDaniel for cause, Ester rehabilitated her and she agreed that she would follow the law. Nevertheless, McDaniel's statements regarding her religious beliefs constitute a race-neutral explanation for the State's peremptory challenge. *See Lee v. State,* 860 S.W.2d 582, 585 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd); *Dixon v. State,* 828 S.W.2d 42, 44–46 (Tex.App.-Tyler 1991, pet. ref'd).

Ester did not attempt to rebut this explanation at trial. The court's ruling with respect to McDaniel is supported by the record and is not clearly erroneous. *See Simpson,* 119 S.W.3d at 268. Accordingly, we overrule Ester's first issue.

### ADMISSION OF THE CRACK PIPE

■ Ester contends in her second issue that the court abused its discretion by admitting in evidence the crack pipe which was seized from her car because its probative value is substantially outweighed by the danger of unfair prejudice. However, Ester objected to the admission of this evidence at trial on the basis of chain of custody. Because Ester's trial objection does not match her appellate complaint, she has failed to preserve this issue for appellate review. *See Ibarra v. State,* 11 S.W.3d 189, 197 (Tex.Crim.App.1999); *Ortega v. State,* 126 S.W.3d 618, 622–23 (Tex.App.-Houston [14th Dist.] 2004, pet. ref'd). Accordingly, we overrule Ester's second issue.

### THE COURT'S CHARGE

■ Ester contends in her third issue that the court erred by failing to define the term "knowingly" in the charge. The State responds that no error is shown because the evading arrest statute requires only that a person "intentionally flee[ ]" from an officer. We disagree with the State because the statute also requires that the person "know" that he is fleeing from a peace officer. However, because Ester did not suffer "some harm" as a result of this error, we will overrule the third issue.

The indictment alleges in pertinent part that Ester:

> did then and there, while using a vehicle, intentionally flee from Brad Elliott, a person the defendant knew was a peace officer who was attempting lawfully to arrest or detain the defendant.

In the proposed charge the court submitted to the parties for consideration, the court included definitions for the terms intentionally and knowingly. The State objected to the inclusion of a definition for the term knowingly because the allegations were "just intentionally fleeing" rather than "intentionally or knowingly" fleeing. The court responded that it had included that definition because the indictment alleges that Ester "knew [Elliott] was a peace officer." Nevertheless, the court stated that it would remove that definition from the charge.

Ester objected to the removal of the definition and asked the court to restore it. The court overruled her objection.

■ Section 38.04 of the Penal Code defines the offense of evading arrest or detention as follows:

> A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting lawfully to arrest or detain him.

TEX. PEN.CODE ANN. § 38.04(a) (Vernon 2003). The elements of this offense are: (1) a person, (2) intentionally flees, (3) from a peace officer, (4) with knowledge he or she is a peace officer, (5) the peace officer is attempting to arrest or detain the person, and (6) the attempted arrest or detention is lawful. *See Johnson v. State,* 634 S.W.2d 695, 695 (Tex.Crim.App. [Panel Op.] 1982); *Reese v. State,* 846 S.W.2d 351, 353 (Tex.App.-Tyler 1992, no pet.); *see also* TEX. PEN.CODE ANN. § 38.04(a).

Section 6.03(b) of the Penal Code defines the term "knowledge." TEX. PEN. CODE ANN. § 6.03(b) (Vernon 2003).[1] This was the definition which Ester asked to be included in the charge.

██ A statutorily-defined term must be included in the charge. *See Arline v. State,* 721 S.W.2d 348, 352 n. 4 (Tex.Crim. App.1986); *Nejnaoui v. State,* 44 S.W.3d 111, 119 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd); *Smith v. State,* 959 S.W.2d 1, 25 (Tex.App.-Waco 1997, pet. ref'd). Because Ester objected to the omission of this definition from the charge, this error requires reversal if she suffered "some harm" from the omission.

[T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

*Ovalle v. State,* 13 S.W.3d 774, 786 (Tex. Crim.App.2000) (quoting *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984)); *Minor v. State,* 91 S.W.3d 824, 828 (Tex. App.-Fort Worth 2002, pet. ref'd) (same).

Here, the primary officer made a video recording of the pursuit, which was offered in evidence. The parties focused their argument on the issue of whether Ester knew a police officer was pursuing her. The State did not argue that such knowledge was unnecessary. *Cf. Fisher v. State,* 829 S.W.2d 403, 406 (Tex.App.-Fort Worth 1992, pet. ref'd) (harm found where prosecutor referred to charge and informed jury that State did not have to prove defendant knew he was driving car without owner's consent).

Because of the strength of the State's evidence and because the argument properly presented the issue of the defendant's knowledge to the jury, we conclude that Ester was not harmed by the omission of the statutory definition of the term "knowledge" from the charge. *See Mathis v. State,* 858 S.W.2d 621, 622–23 (Tex.App.-Fort Worth 1993, pet. ref'd); *White v. State,* 844 S.W.2d 929, 933 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd).[2] Accordingly, we overrule Ester's third issue.

## PENITENTIARY PACKET

██ Ester contends in her fourth issue that the court abused its discretion by admitting a penitentiary packet in evidence after the State was unable to prove

---

1. "A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result." TEX. PEN.CODE ANN. § 6.03(b) (Vernon 2003).

2. We acknowledge that *Mathis* and *White* involved the question of "egregious harm" under *Almanza* rather than "some harm." *See Mathis v. State,* 858 S.W.2d 621, 622 (Tex. App.-Fort Worth 1993, pet. ref'd); *White v. State,* 844 S.W.2d 929, 932 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd). Nevertheless, we find these cases to be instructive on the issue presented.

that her fingerprints matched those on the exhibit.

The State's fingerprint witness concluded that the prints on the penitentiary packet were not of sufficient quality for a comparison. Nevertheless, Ester took the stand during the punishment phase and admitted on cross-examination that she was "the same Pearline Ester" who was convicted in Tarrant County on December 22, 1997 of delivery of less than one gram of cocaine, that she was given three years' deferred adjudication community supervision, and that her "probation was revoked" on April 5, 1999 and she was sentenced to 180 days' confinement. This matches the information contained in the penitentiary packet.

Based on Ester's testimony, the court did not abuse its discretion by admitting the penitentiary packet in evidence. *See Beck v. State,* 719 S.W.2d 205, 210 (Tex. Crim.App.1986) (prior conviction can be proved by "the introduction of the pen packet and the testimony of the defendant"). Accordingly, we overrule Ester's fourth issue.

We affirm the judgment.

Chief Justice GRAY concurring.

TOM GRAY, Chief Justice, concurring.

If Texas was a dartboard, and Waco was the bull's-eye, the Court's opinion on the third issue hits Ardmore, Oklahoma. The Court has raised, briefed, and resolved an issue entirely different than what Ester presented. The Court discusses "whether Ester knew a police officer was pursuing her." While knowledge that the person in pursuit is a police officer is an element of evading arrest, Ester's issue is not so limited. Ester's contention is that she did not have knowledge that she was evading anyone, much less arrest or detention.

Ester's objection was not about knowledge of a circumstance but about the conduct in which she was engaged. This is evident upon examination of her argument on appeal. As stated in her brief, Ester "objected to the charge for the reason that the charge failed to contain the following language; 'a person acts knowingly or with knowledge, with respect to the nature of his conduct when he is aware of the nature of his conduct. A person acts knowingly, comma, or with knowledge, comma, with respect to the result of his conduct when he is aware that his conduct is reasonably certain to cause a result, period.' That language was requested and denied and overruled (RR, Vol. 5, Page 67 lines 11–21)." (Appellant's brief, pg 17).

Ester does not argue that the word, "knew," in reference to whether the State proved she knew the person was a police officer, as used in the charge, had to be defined. Her complaint is that "knowingly" was not used in the charge in reference to the conduct in which she had engaged. And if "knowingly" had been used, it needed a definition.

Ester's theory of the case is that she was so high from smoking crack cocaine that she did not know she was evading anyone, much less police officers. This is readily apparent from Ester's brief. She states, "The Appellant stated that she was not really aware that the police was trying to stop her (RR, Vol. 6, Page 42 lines 12–23)." And then, "[u]pon cross-examination, the Appellant stated that she was not really aware that the police were trying to stop her (RR, Vol. 6, Page 43 lines 1–6)." Note, she never testified she did not *know* they were police officers.

Ester's entire appellate argument is as follows:

This was error, as the evidence introduced at the trial at that point showed that the Appellant did not know what

she was doing and the Appellant's position is that the State had the burden of proving knowledge in this particular offense. Evading by its very nature requires a conscious decision in an act or series of acts. Since this element is necessary and since it was not included as an element to be considered by the jury, Appellant was in fact not fairly convicted. She was convicted of driving recklessly with police officers behind her, as that was all the State proved. The jury was not instructed to consider the element of knowledge of intent. Said ruling was error.

The Appellant would show the court that the State had not proven beyond a reasonable doubt that the Appellant was aware of her actions. The State had the burden of proving that at the time the Appellant knew that she was in fact evading arrest. The due process clause of the United States Constitution protect the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which she is charged, *In Re Winship*, 397 U.S., 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. In this case the District Attorney's Office failed to prove, and the jury was not told to consider, whether beyond a reasonable doubt that Appellant had knowledge. Factual insufficiency of the evidence is clear in this case. The due process clause protects the Appellant against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime of which she has been charged, *Lowry v. State*, 671 S.W.2d 601.

Section 6.03 of the Penal Code states that a person acts intentionally or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause a result. The State had to prove knowledge or intent in this case and they had to prove it beyond a reasonable doubt. The jury should have been so instructed.

The State's response is also informative. It provides the proper rationale as to why the word "knowingly" was not used in the charge, and therefore, why the trial court properly refused to define it. The State's response to Ester's argument is that the Court had to charge her under the language of the indictment, that she *intentionally* evaded arrest, rather than the lesser culpable mental state of only *knowingly* evading arrest. The State alleged intentional conduct. As such, the charge did not, and could not, include criminal liability for conduct done knowingly. *See Reed v. State*, 117 S.W.3d 260, 265 (Tex. Crim.App.2003). Because the term "knowingly" was not used in the charge, there was no need to define it. Thus, the trial court did not err in failing to include the definition in the charge.

This proper analysis also reveals another flaw in the Court's opinion. The objection was about the exclusion of the definition of a term not used in the charge. The complaint on appeal is about the failure to charge on knowingly, as opposed to intentionally, engaging in the conduct which constitutes evading arrest. The complaint on appeal does not comport with the objection made at trial, and thus presents nothing for our review. Tex.R.App. P. 33.1; *see Jenkins v. State*, 912 S.W.2d 793, 814–15 (Tex.Crim.App.1993).

The closing sentence of Ester's argument brings home both problems with the Court's analysis when she asserts, "The State had to prove knowledge or intent in this case and they had to prove it beyond a reasonable doubt." (Appellant's brief, pg 18). The State proved intent; intentional conduct is all that was alleged. And the

State proved intent beyond a reasonable doubt.

I would hold the trial court did not err in refusing to define "knowingly." Because the Court determines the error was harmless, we reach the same conclusion to affirm the trial court's judgment. Accordingly, I concur in the result but not the rationale of the Court's judgment.