United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41449
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAJ RAMEL LEE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-164-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Taj Ramel Lee appeals his conviction and sentence for being a convicted felon in possession of a firearm. He argues that the district court erred by denying his motion to suppress and that the evidence was not sufficient to support his conviction.

Lee argues that his warrantless arrest for evading arrest was not supported by probable cause. Evidence presented at the suppression hearing established that Paris, Texas, narcotics investigators attempted to stop Lee for several traffic

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violations.  However, when the investigators activated their unmarked patrol car's emergency lights and sounded its air horn, Lee continued to drive.  The district court did not err in determining that the investigators reasonably believed that Lee violated the law by evading arrest.  See United States v. Brigham, 382 F.3d 500, 506 n.2, 508 (5th Cir. 2004) (en banc); see also TEX. PEN. CODE § 38.04; Ester v. State, 151 S.W.3d 660, 664 (Tex. App. 2004).  Lee has not shown that the warrantless arrest was unreasonable.  See Brigham, 382 F.3d at 506 n.2.

Lee also argues that the district court erred when it refused to suppress his post-arrest statements related to his possession of a firearm because he was not Mirandized before he made these statements.  See Miranda v. Arizona, 384 U.S. 436 (1966).  After Lee was handcuffed and arrested and before he was Mirandized, he said, "I guess you are looking for the gun, too." Because this statement was not made in response to any questioning by the investigators, the district court did not err in denying Lee's motion to suppress this statement.  See United States v. Gonzales, 121 F.3d 928, 940 & n.7 (5th Cir. 1997).

After Lee made this statement, an investigator questioned Lee concerning the location of Lee's firearm.  When asking Lee these questions, the investigator was uncertain where Lee's firearm was located.  Because the investigator's questions were based on his concern about the safety of the officers at the scene and the numerous onlookers, the district court did not err

in denying Lee's motion to suppress these statements.  See New York v. Quarles, 467 U.S. 649, 653 (1984); Fleming v. Collins, 954 F.2d 1109, 1112-14 (5th Cir. 1992) (en banc).

Lee also argues that the district court erred in denying his motion to suppress evidence seized from apartment 115 at the Park Garden Apartments.  Lee contends that the apartment was searched based on a warrant that was so lacking in probable cause that it cannot be upheld, even under the good-faith exception.  In support of this contention, Lee argues that no officer could reasonably rely on the affidavit underlying the warrant because it relied "so heavily on an illegally-obtained statement" and was so lacking in probable cause that it was, in essence, a bare bones affidavit.  These contentions are without merit.

Lee's post-arrest statements were spontaneous or fell within the public-safety exception to the rule in Miranda.  The affidavit supporting the warrant was sufficiently detailed and set forth substantial indicia of probable cause.  See United States v. Cherna, 184 F.3d 403, 407-09 (5th Cir. 1999).  The good-faith exception to the exclusionary rule applies because Lee's statements were not involuntarily obtained and the investigator acted in good faith.  See United States v. Leon, 468 U.S. 897, 920-21 (1984).  The district court did not err in denying the motion to suppress.

Lee argues that the evidence at his trial was insufficient to establish that he possessed a firearm.  He contends that the

evidence tends to show equally that the firearm belonged to Ebony McAfee, the original tenant of apartment 115. The evidence at trial established that Lee had a key to apartment 115, that Lee was seen at the apartment complex on numerous occasions, that Lee was seen at the apartment complex the week, and possibly the day, the gun was recovered, and that McAfee stated that Lee stayed at the apartment from time to time. The evidence also established that the firearm was in plain view in the front room of the apartment and that several pieces of mail addressed to Lee were on the desk, just above the sliding computer keyboard tray on which the firearm was located. Apart from the fact that McAfee was the original tenant of the apartment, no evidence indicated that the weapon belonged to McAfee.

When viewed in the light most favorable to the verdict, see United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998), the evidence is sufficient to support the jury's finding that Lee constructively possessed the firearm. See United States v. De Leon, 170 F.3d 494, 496-97 (5th Cir. 1999); United States v. Ybarra, 70 F.3d 362, 365-66 (5th Cir. 1995). The conviction is AFFIRMED.