# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51458
Summary Calendar

United States Court of Appeals
Fif h Circuit
**FILED**
November 27, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSE KYLE SKYBERG, also known as Jesse Skyberg, also known as Jesse K. Skyberg, also known as Jessie Kyle Skyberg,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:15-CR-41-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jesse Kyle Skyberg appeals his guilty plea conviction for one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count One), one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (Count Two), and one count of using, carrying, and possessing a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51458

firearm in furtherance of a drug trafficking crime in violation of § 924(c) (Count Three).  He contends that the district court erred in denying his motion to suppress evidence seized following the warrantless search of the vehicle he was driving at the time of his arrest for evading arrest or detention.

When reviewing the denial of a motion to suppress, we review factual findings for clear error and the ultimate constitutionality of law enforcement's action de novo.  *Ornelas v. United States*, 517 U.S. 690, 699 (1996).  In addition to deferring to the district court's factual findings, we must view the evidence in the light most favorable to the prevailing party, which in this case is the Government.  *See United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005).  The district court's ruling "should be upheld if there is any reasonable view of the evidence to support it."  *United States v. Gonzalez*, 190 F.3d 668, 671 (5th Cir. 1999) (internal quotation marks and citation omitted).

Skyberg challenges the district court's factual findings that Olmos Park Police Department Officers Carlos Longoria and Kim Kalteyer were clearly dressed as police officers, that Officer Longoria identified himself as a police officer, and that Officer Kalteyer ordered him to leave the vehicle in park.  The record reflects that the magistrate judge had the opportunity to observe Officer Longoria's demeanor at the suppression hearing and review the onboard camera video of the encounter.  The district court adopted the magistrate judge's factual findings on these issues.  Viewing the evidence in the light most favorable to the Government, we conclude that Skyberg has failed to show that the district court's factual findings are clearly erroneous.  *See Gibbs*, 421 F.3d at 357.

Skyberg also argues that the officers lacked reasonable suspicion to approach his vehicle and probable cause to arrest him for evading arrest or detention.  Taking into account the totality of the circumstances and viewing

the evidence in the light most favorable to the Government, we conclude that Officers Longoria and Kalteyer had a reasonable, articulable suspicion upon which to detain Skyberg. *See Illinois v. Wardlow*, 528 U.S. 119, 124-25 (2000); *United States v. Watson*, 953 F.2d 895, 897 (5th Cir. 1992). Specifically, given the time of night, the fact that Skyberg was slumped over the steering wheel of a vehicle that had its lights turned off but was running, and Skyberg's reaction upon noticing the officers, the officers had a particularized and objective basis for suspecting that Skyberg was about to drive away while intoxicated or in an otherwise impaired condition.

The totality of the facts and circumstances within the officers' knowledge at the moment of Skyberg's arrest were likewise sufficient for a reasonable officer to conclude that Skyberg had committed, or was in the process of committing, the offense of evading arrest or detention. *See United States v. Castro*, 166 F.3d 728, 733 (5th Cir. 1999) (en banc) (per curiam); *Ester v. State*, 151 S.W.3d 660, 664 (Tex. App. 2004); TEX. PENAL CODE § 38.04. Specifically, Officer Longoria testified that the area was well-lit, that he and Officer Kalteyer were in full uniform and in marked patrol units, and that he identified himself as a police officer. Upon seeing the officers, Skyberg immediately placed the vehicle in drive, causing it to lurch forward approximately five to ten feet. Despite Officer Kalteyer's orders that Skyberg stop and put the vehicle in park, the vehicle lurched forward and stopped several times as the gearshift was moved back and forth from park to drive. Although Skyberg did not see the officers approach his vehicle, a reasonable officer could have concluded that his reaction to their presence was due to the fact that he knew they were police officers. Further, even if Skyberg was initially unaware that they were police officers, Officer Kalteyer's orders to stop and put the vehicle in park were made while he was in full uniform and

in the front passenger seat of Skyberg's vehicle. Because Skyberg does not otherwise challenge the constitutionality of the subsequent inventory search, he has failed to show that the district court erred in denying his motion to suppress. *See Ornelas*, 517 U.S. at 699; *see also United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992).

Finally, Skyberg contends that the case should be remanded to the district court for the correction of a clerical error in the written judgment. The district court's oral pronouncement of sentence reflects that the court intended to impose concurrent terms of 120 months of imprisonment on Count One and 115 months of imprisonment on Count Two, with a consecutive term of 60 months of imprisonment on Count Three, for a total of 180 months of imprisonment. However, the written judgment provides that Skyberg was sentenced to concurrent terms of 120 months of imprisonment on Counts One and Two, and a consecutive term of 60 months of imprisonment on Count Three, for a total of 180 months of imprisonment. When a conflict exists between the sentence orally pronounced in court and a later written judgment, the oral pronouncement controls. *United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003). Accordingly, the district court's judgment is AFFIRMED as modified to reflect that Skyberg was sentenced to 115 months of imprisonment on Count Two.